**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30136 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-02134-TOR-1 |
| v. | |
| JOSE MANUEL BIRRUETA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted July 6, 2015[**]
Seattle, Washington

Before: KLEINFELD, NGUYEN, and FRIEDLAND, Circuit Judges.

Jose Birrueta appeals his convictions for possession with intent to distribute

methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and for possession

of an unregistered firearm under 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  Reviewing Birrueta's claim of ineffective assistance of counsel de novo, *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1260 (9th Cir. 2005), we affirm without prejudice to collateral review.

Birrueta claims that his trial counsel was ineffective because he failed to file a motion to suppress evidence from a warrantless search of a shed that Birrueta leased from his neighbor.  However, we generally do not review an ineffective assistance of counsel claim on direct appeal, except under narrow circumstances.  *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) (stating that "[c]laims of ineffective assistance of counsel are generally inappropriate on direct appeal" and should normally be raised in habeas corpus proceedings).  The two exceptions to this rule are "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel."  *Id.* (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)).  Birrueta's case does not fall in either category.

Birrueta claims that the record here is sufficiently developed to establish counsel's ineffectiveness.  He argues that because the officers knew that he rented the shed, and he neither consented to the search nor abandoned his property interest

in the shed, counsel should have filed a motion to suppress the evidence found in the shed. He suffered prejudice, Birrueta's argument goes, because he would have prevailed on the motion. The government, on the other hand, argues that Birrueta's statements to the police evidenced his abandonment of any interest in the shed, and thus the warrantless search was constitutional. *See United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986) ("[P]ersons who voluntarily abandon property lack standing to complain of its search or seizure.").

We conclude that resolution of Birrueta's ineffective assistance of counsel claim is more appropriate on collateral review than on direct appeal. In determining whether a person has abandoned an interest in property, we look at whether he or she, "through words, acts or other objective indications, . . . has relinquished a reasonable expectation of privacy in the property[.]" *Id.* Here, the parties do not agree on what Birrueta said, through a Spanish-speaking officer, prior to the search, and thus the record is not "sufficiently developed to permit review and determination of the issue." *McKenna*, 327 F.3d at 845.

Moreover, even assuming that Birrueta did not abandon his interest in the shed, Birrueta may not be able to prove that his counsel's failure to file a suppression motion "was unreasonable under prevailing professional norms" and "not sound strategy," *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986), because

3

his counsel may have had reasonable strategic reasons for not challenging the search. Birrueta asserts that he could have testified at the hearing on his motion to establish standing. *See Simmons v. United States*, 390 U.S. 377, 390-91 (1968) (noting that where a defendant's Fourth Amendment standing is in dispute, he may testify at a suppression hearing that he owns the disputed property). However, counsel may have had strategic reasons not to file a suppression motion to avoid having Birrueta testify. For example, testifying at the suppression hearing may have impacted his ability to disassociate himself from the drugs in the shed at trial—a defense that he in fact presented. *See United States v. Beltran-Gutierrez*, 19 F.3d 1287, 1289-90 (9th Cir. 1994). The record is silent as to counsel's reasoning in opting not to file the motion, so this issue is a more appropriate subject for collateral review, where the record could be further developed.

**AFFIRMED.**

4